UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COREY BROWN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | |
| | * | |
| JOSEPH P. LOPINTO, III, IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH AND DEPUTY SEAN HAYES, IN HIS INDIVIDUAL CAPACITY AS A JEFFERSON PARISH DEPUTY SHERIFF | * * * * * | NUMBER: **21-431** |
| | * | SECT. ___, MAG.___ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW COMES** petitioner, **COREY BROWN** (hereinafter "BROWN") a pre-trial detainee who files this Complaint against the above-named defendants based on the sexual assault and civil rights violations of BROWN by the defendants.

### I. PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. §1983 and 1988.

### II. JURISDICTION

2. Jurisdiction is vested in this Court by 28 U.S.C. §§ 1331 and the Fourteenth Amendment to the Constitution of the United States.

3. Supplemental jurisdiction is vested in this Court by 28 U.S.C. § 1367(a) for all claims cognizable under state constitutional and statutory law including but not limited to La.C.C. Arts. 2315.

-1-

## III. PARTIES

### (PLAINTIFF)

4. BROWN is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

### (DEFENDANTS)

5. JOSEPH P. LOPINTO, III (hereinafter "SHERIFF LOPINTO"), in his official capacity as Sheriff of Jefferson Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all times described herein he was the Sheriff of Jefferson Parish and, as such, was responsible for the hiring, training, supervision, discipline and control of the deputies under his command. He was responsible for all the actions of the Jefferson Parish Sheriff's Office (hereinafter "JPSO"). He was at all times referred to herein, the exclusive caretaker of BROWN and had exclusive custody and control over BROWN during his incarceration at the Jefferson Parish Correctional Center (hereinafter "JPCC").

6. SEAN HAYES (hereinafter "HAYES"), in his individual capacity as a Jefferson Parish Sheriff's Deputy, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana. At all pertinent times, he was employed by SHERIFF LOPINTO and worked at the JPCC.

7. At all times relevant hereto the actions of defendants herein were committed under color of state law.

## IV. FACTUAL ALLEGATIONS

8. In mid-November 2019, BROWN was incarcerated at the JPCC as a pre-trial detainee.

9. The jail is under the exclusive control of the defendant, SHERIFF LOPINTO, who is responsible for all jail policies and procedures as well as the supervision of all jail staff.

10. The defendant, SHERIFF LOPINTO, was the caretaker of BROWN and he had the exclusive custody and control over BROWN during his incarceration at the JPCC.

11. The defendant, HAYES, at all times referenced herein was an employee of the defendant, SHERIFF LOPINTO.

12. For BROWN's own safety he was placed in administrative segregation by the jail staff.

13. BROWN's cell was located in the JPCC on the second floor near the attorney-client visit room and control pod.

14. On March 5, 2020 between 8:30 and 9:00 p.m., BROWN was showering on the second floor near the yard exit. While in the shower BROWN was approached by HAYES who asked to see BROWN's penis. BROWN refused and returned to his cell. While in his cell HAYES repeatedly opened BROWN's cell door and requested to see his penis. BROWN refused to comply. At approximately 9:30 p.m. HAYES entered BROWN's cell and threatened to charge BROWN with the crime of Escape. BROWN

was seated on his bunk at the time. As he moved to create more distance between HAYES and himself, HAYES grabbed him and proceeded to perform oral sex on him. BROWN was able to pull away from HAYES who then exited the cell.

15. BROWN reported HAYES' sexual assault to Lt. Mackie, a supervisor at the jail. BROWN was subsequently interviewed by detectives with the JPSO. BROWN reported to the JPSO detective details of the assault. As a result, HAYES was arrested for violation of La.R.S. 14:134.1, Malfeasance in Office; Sexual Conduct Prohibited With a Person in Jail. His charges were accepted by the District Attorney's Office and are pending as of the date this Complaint is filed.

16. This is the second sexual assault of BROWN by an employee of the defendant SHERIFF LOPINTO since his November 2019 incarceration at the JPCC.

17. In November of 2019 BROWN was sexually assaulted by another employee of the defendant, SHERIFF LOPINTO.

18. The circumstances of that sexual assault are strikingly similar to this sexual assault.

19. In the previous case, the employee of defendant SHERIFF LOPINTO, repeatedly requested to see BROWN's penis while he was in the shower. BROWN was being housed in administrative segregation for his safety at the time. BROWN was told that if he didn't comply, he would be transferred out of administrative segregation into general population. Transferring BROWN into general population, under the circumstances, would have placed BROWN's life in jeopardy. Subsequently the

employee performed oral sex on BROWN. BROWN did, however, report the sexual assault to jail authorities. As a result of the first sexual assault BROWN filed a Civil Rights Action in federal court in the Eastern District of Louisiana. That case bears Case No. 20-2990 and was originally filed on November 4, 2020.

20. BROWN reported this first sexual assault to jail authorities however no criminal charges were pursued against BROWN's assailant.

21. Upon information and belief, the defendant, SHERIFF LOPINTO, was made aware of this first sexual assault on BROWN prior to the March 5, 2020 sexual assault on BROWN, but refused to charge his employee with a crime, and instead permitted him to resign without any form of punishment.

22. The defendant HAYES' sexual assault of BROWN is an assault and battery and intentional infliction of emotional distress under state law.

23. Upon information and belief, the defendant, SHERIFF LOPINTO, knew or should have known that the defendant, HAYES, had a history of inappropriate sexual conduct with inmates, yet he negligently failed to take action to protect inmates in his custody from HAYES, and in so doing failed to prevent HAYES' sexual assault of BROWN.

24. Alternatively, the defendant, SHERIFF LOPINTO as BROWN's custodian and caretaker failed to properly supervise HAYES.

25. The defendant SHERIFF LOPINTO's lack of supervision of HAYES and negligent retention of HAYES resulted in the infliction of permanent mental and

emotional injury upon BROWN by the defendant, HAYES, and resulted in the intentional infliction of emotional distress to BROWN as would reasonably be expected.

26. The defendant HAYES violated BROWN's Fourteenth Amendment Right to due process, specifically his protected liberty interest to be free from sexual assault.

27. The defendant, SHERIFF LOPINTO, has two unconstitutional policies which resulted in harm to BROWN. First, SHERIFF LOPINTO knew, based upon the previous sexual assault of BROWN, that there was a substantial risk that BROWN would be sexually assaulted in the jail by inmates or jail employees when BROWN was in administrative segregation. Consequently, he should have had a policy of monitoring, training and supervising his employees to be on the alert for this illegal behavior. His failure to have this policy in place reflects deliberate indifference and resulted in harm to BROWN. Second, SHERIFF LOPINTO knew, or should have known, based upon his refusal to punish the first employee who sexually assaulted BROWN, that his failure to punish employees for sexually assaulting inmates would be perceived by his employees as his passive acceptance of sexual assaults on vulnerable inmates by his employees. This policy of failing to punish prior employees for sexual assaults on inmates reflects deliberate indifference on the part of SHERIFF LOPINTO to the risk of sexual assaults on inmates by his employees. These policies of SHERIFF LOPINTO violated BROWN's Fourteen Amendment right to due process, specifically, his protected liberty interest to be free from sexual assault.

28. As a result of the sexual assault and civil rights violations, BROWN has

sustained past, present and future pain and suffering, mental anguish and medical expenses for which both defendants are liable jointly, severally and in solido.

## V. **FIRST CAUSE OF ACTION (*CIVIL RIGHTS VIOLATIONS BY HAYES*)**

29. The petitioner repeats and re-alleges each and every allegation of this Complaint.

30. The defendant, HAYES, acting under color of law, engaged in a course of conduct that acted to deprive BROWN of his Fourteenth Amendment right to due process, specifically his protected liberty interest to be free of sexual abuse.

31. The defendant's actions were reckless, willful, wanton and/or malicious.

32. BROWN further alleges that such acts as alleged herein were the proximate cause and cause in fact of his damages and injuries.

## VI. **SECOND CAUSE OF ACTION (*CIVIL RIGHTS VIOLATIONS BY SHERIFF LOPINTO*)**

33. The petitioner repeats and re-alleges each and every allegation of this Complaint.

34. The defendant, SHERIFF LOPINTO in his official capacity had in place unconstitutional policies which acted to deprive BROWN of his Fourteenth Amendment right to due process, specifically his protected liberty interest to be free of sexual abuse.

35. The defendants' actions were reckless, willful, wanton and/or malicious.

36. BROWN further alleges that said policies as alleged herein were the proximate cause and cause in tort of his damages and injuries.

## VII. **THIRD CAUSE OF ACTION (*SUPPLEMENTAL STATE LAW CLAIMS AGAINST HAYES AND SHERIFF LOPINTO***

37. The petitioner repeats and realleges each and every allegation of this Complaint.

38. The Supplemental jurisdiction of the court is invoked for all claims under State law.

39. At all times described herein, the defendants, individually and collectively, acted negligently and/or intentionally, in sexually assaulting BROWN and/or failing to monitor, train and supervise HAYES, and/or negligently retaining HAYES, resulting in mental injury to BROWN as well as intentional infliction of emotional harm and distress to BROWN, as a result of the sexual assault by HAYES, all of which injuries are severe, debilitating and foreseeable in violation of Louisiana Law.

40. At all pertinent times herein the defendant, HAYES, was an employee of the defendant, SHERIFF LOPINTO, and was acting in the course and scope of his employment with the defendant, SHERIFF LOPINTO.

41. The defendant, SHERIFF LOPINTO, is vicariously liable for the injuries and damages which occurred herein as a result of the supplemental state law claims attributable to the defendant, HAYES.

42. The defendant, SHERIFF LOPINTO, is independently liable to the plaintiff in this case for his failure to properly monitor, train and supervise his employees and HAYES and for his negligent retention of HAYES as previously outlined in the

preceding paragraphs.

43. The defendants are liable jointly, severally and in solido for their actions as alleged herein.

44. Petitioner further alleges that the above-described actions were the proximate cause and cause in fact of his injuries.

## VIII. DAMAGES

45. As a result of the actions of the defendants as described above, damages have been incurred as follows for violations of the U.S. Constitution and state law:

> BROWN sustained severe, debilitating, permanent and foreseeable mental injury resulting in past, present and future pain and suffering, anguish and distress, embarrassment, humiliation and medical expenses for which he is entitled to general, special, exemplary and punitive damages.

46. The petitioner seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these proceedings.

**WHEREFORE**, the petitioner, COREY BROWN, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in his favor and against the defendants, **J**OSEPH P. LOPINTO, III, in his official capacity as Sheriff of Jefferson Parish and SEAN HAYES, in his individual capacity as a Jefferson Parish Deputy Sheriff, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the

defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available.

>Respectfully submitted;
>
>/s/  Gary W. Bizal
>**GARY W. BIZAL** (La. Bar No. 1255)
>**GARY W. BIZAL, L.L.C.**
>4907 Magazine Street
>New Orleans, Louisiana 70115
>(504)525-1328 Telephone
>(504)525-1353 Fax
>gary@garybizal.com
>
>/s/  Aidan Shah
>AIDAN SHAH (La. Bar #34761)
>1100 Poydras Street, Suite 2900-3
>New Orleans, LA 70163
>(985)236-9775 Telephone
>aidan_shah@yahoo.com
>
>ATTORNEYS FOR PETITIONER,
>COREY BROWN

**SERVICE UPON ALL DEFENDANTS TO BE MADE VIA WAIVERS**

Joseph P. Lopinto, III
Sheriff of Jefferson Parish
Jefferson Parish Sheriff's Office
1233 Westbank Expressway
Harvey, LA 70058

Sean Hayes
2453 Lynnbrook Dr
Harvey, LA  70058